<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| VITO MANENTE,<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Defendant. | Civil Action No. 23-1046<br><br>**OPINION**<br><br>January 13, 2025 |

**SEMPER**, District Judge.

The current matter comes before the Court on Defendant United States of America's ("Defendant") Motion to Dismiss Vito Manente's ("Plaintiff") Complaint (ECF 1, "Compl."). (ECF 28, "MTD.") Plaintiff opposed the Motion. (ECF 29, "Opp.") The Court has decided this motion upon the submissions of the parties, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated below, Defendant's Motion to Dismiss for Lack of Jurisdiction is **GRANTED**.

**I.　　FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]**

Plaintiff asserts the IRS incorrectly imposed penalties on Plaintiff and has failed to recognize Plaintiff's "legally filed return" for tax year 2019. (ECF 1, Compl. ¶ 6.) Plaintiff contends he filed 1040 filings for tax year 2019 in or about early March 2020, but the IRS sent a Notice of Deficiency ("NOD") regarding alleged deficiencies on June 3, 2022. (*Id*. ¶¶ 5, 7, 10.) The NOD asserted an alleged deficiency for federal income taxes of $15,389 and "Penalty IRC

---

[1] The facts and procedural history are drawn from the Complaint (ECF 1, Compl.) and documents integral to or relied upon by the Complaint. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

6662" in the amount of $1,727.40, all which Plaintiff disputes. (*Id*. ¶¶ 8-9.) Plaintiff contends he is not liable for any amount, there was no underpayment existing for his federal income tax liabilities for the 2019 tax year, and the entirety of the NOD is incorrect. (*Id*. ¶¶ 11-13.) All of Plaintiff's internal appeals were either "not responded to or denied." (*Id*. ¶ 15.)

On February 22, 2023, Plaintiff filed this Complaint against the Commissioner of Internal Revenue Service. (ECF 1.) On May 2, 2023, Defendant filed an Answer to the Complaint. (ECF 5.) On June 28, 2024, Defendant filed the instant motion.

## II.  LEGAL STANDARD

In deciding a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, a court must first determine whether the party presents a facial or factual attack because the distinction determines how the pleading is reviewed. *Elbeco Inc. v. Nat'l Ret. Fund*, 128 F. Supp. 3d 849, 854 (E.D. Pa. 2015) (internal quotation marks and citation omitted). A facial attack "contests the sufficiency of the complaint because of a defect on its face," whereas a factual attack "asserts that the factual underpinnings of the basis for jurisdiction fails to comport with the jurisdictional prerequisites." *Id*. Here, Defendant asserts a factual attack. A factual attack is an argument that there is no subject matter jurisdiction because the facts of the case—and therefore the District Court may look beyond the pleadings to ascertain the facts—do not support the asserted jurisdiction. *Const. Party of Pennsylvania v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). For a factual attack, "the trial court is free to weigh the evidence . . . and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir.1977).

When a party challenges a federal court's subject matter jurisdiction, "the plaintiff [has] the burden of proof that jurisdiction does in fact exist." *Id*. In lawsuits against the United States,

the Court begins with the presumption that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell,* 445 U.S. 535, 538 (1980) (internal quotations and citation omitted). "A waiver of sovereign immunity cannot be implied but must be unequivocally expressed," *Id.* (internal quotations and citation omitted), and such a waiver must be "narrowly construed." *United States v. Nordic Vill. Inc.,* 503 U.S. 30, 34 (1992).

### III. ANALYSIS

#### a. The Court Does Not Have Jurisdiction to Entertain Plaintiff's Claims

Defendant argues that this Court lacks subject matter jurisdiction over the entirety of the Complaint. (*See* MTD at 1.) The Court agrees.

#### i. 28 U.S.C. § 1346(a)(1)

Pursuant to 28 U.S.C. § 1346(a)(1), district courts have original jurisdiction over civil actions against the United States "for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority[.]" 28 U.S.C. § 1346(a)(1). However, absent a waiver, sovereign immunity shields the United States and its agencies from suit. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Statutory waivers of federal sovereign immunity implicate a court's subject matter jurisdiction. *CNA v. United States*, 535 F.3d 132, 140 (3d Cir. 2008). To be effective, "[w]aivers of the Government's sovereign immunity . . . must be 'unequivocally expressed.'" *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 33 (1992). Congress has waived the government's sovereign immunity for tax matters under certain circumstances.

Regardless of how Plaintiff phrases his claims, one of his clearly stated prayers for relief is to "recover moneys wrongfully withheld by the Commissioner of Internal Revenue" pursuant to 26 U.S.C. § 7422 or 7426. (Compl. ¶ 1.) Plaintiff contends that he is entitled to recovery because the IRS has "failed to recognize a legally filed return" that "[n]o underpayment of Plaintiff's Federal income tax liabilities exists as determined by the IRS in the NOD for the 2019 tax year" and that "the IRS erred, because the purported NOD was improperly issued by a party without the delegated authority to do so . . . ." (Compl. ¶¶ 6, 13, 17.) Thus, Plaintiff seeks to recover a penalty that was purportedly collected without authority. Plaintiff, therefore, can only assert these claims against Defendant within the confines of Congress' waiver of sovereign immunity.

28 U.S.C. § 1346, provides:

> The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of . . . [a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws . . . .

For a federal district court to exercise jurisdiction over a tax refund claim under § 1346, the taxpayer must have paid the assessment in full.[2] *Komlo v. United States*, 657 F. App'x 85, 87 (3d Cir. 2016); *Koss v. United States,* 69 F.3d 705, 708 (3d Cir.1995) (quoting *Flora v. United States,* 362 U.S. 145, 177 (1960)).

### ii. 26 USC § 7422

Section 7422 of the Internal Revenue Code authorizes taxpayers to file suit against the United States to recover "any internal revenue tax alleged to have been erroneously or illegally assessed or collected." However, subject to the above, "for jurisdiction to exist in the district courts

---

[2] The correct forum to contest an unpaid assessment is the United States Tax Court. *Di Natale v. United States*, 12 Cl. Ct. 72, 74 (1987).

pursuant to 26 U.S.C. § 1346(a)(1), payment of full tax before suit is required." *Ochsner v. United States*, No. 06-0219, 2006 WL 2226346, at *2 (D.N.J. Aug. 2, 2006) (contrasting district court jurisdiction with Tax Court jurisdiction where taxpayers may challenge tax assessments before paying the liability). Here, Plaintiff did not fully pay his 2019 tax liability before bringing this suit as he still owed over $11,000 of his tax liability.[3] (*See* ECF 28-1, D'Aries Decl., Ex. A.) Although Plaintiff has paid a portion of his approximate $17,000 tax assessments, *Flora* established a "full-payment rule" that has been "extended to apply to a full unpaid liability including interest fines and not just a partially paid deficiency assessment." *Ochsner*, 2006 WL 2226346, at *2; 28 U.S.C. § 2201(a). Accordingly, this Court lacks subject matter jurisdiction as to Plaintiff's claims pursuant to 26 U.S.C § 7422.

### iii. 26 USC § 7426

Furthermore, Section 7426 of the Internal Revenue Code authorizes civil suits against the Government for alleged wrongful levies and other actions by any person "other than the person against whom is assessed the tax out of which such levy [or other action] arose." 26 U.S.C. § 7426. Here, Plaintiff is the individual against whom the tax was assessed, and he has brought this suit on his own behalf. Therefore, Section 7426 does not apply and does not grant the Court jurisdiction in this matter. *See Manente v. Bluemel*, No. 19-9665, 2020 WL 7028551, at *2 (D.N.J. Nov. 30, 2020) (dismissing Manente's prior claim under Section 7426(h) "because the statute does not authorize a suit by the taxpayer on behalf of themselves") (citing *Komlo v. United States*, 657 F. App'x 85, 88 (3d Cir. 2016)).

---

[3] "In the case of a factual challenge, the court is free to consider and weigh evidence outside the pleadings to resolve factual issues bearing on jurisdiction and to satisfy itself as to the existence of its power to hear the case." *Daily v. City of Phila.*, 98 F. Supp. 2d 634, 636 (E.D. Pa. 2000).

## IV.   CONCLUSION

For the reasons stated above, Defendant's motion to dismiss (ECF 28) is **GRANTED,** and Plaintiff's Complaint (ECF 1) is **DISMISSED without prejudice**. An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:   Clerk
cc:     James B. Clark, U.S.M.J.
        Parties